**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERNEST C. GRAHAM, | DOCKET NUMBER |
| Appellant, | DC-0752-16-0889-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: July 27, 2023 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Brian C. Plitt, Esquire, Washington, D.C., for the appellant.

Nikki Greenberg, Washington Naval Yard, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND this appeal to the regional office for adjudication of whether the agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

improperly continued the appellant's indefinite suspension in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was employed by the agency as a Utility Systems Repair Operator at the Washington Navy Yard in Washington, D.C.  Initial Appeal File (IAF), Tab 1 at 6, Tab 4 at 51.  On April 18, 2016, a coworker of the appellant's and his supervisor reported to the agency that in March and April 2016, the appellant threatened to kill them and others.  IAF, Tab 4 at 55-56, Tab 19 at 2.  The U.S. Attorney's Office for the District of Columbia pressed charges against the appellant in D.C. Superior Court based on the comments he made on April 18, 2016.  IAF, Tab 4 at 42, 58-59.

¶3    On June 28, 2016, the agency proposed the appellant's indefinite suspension based on reasonable cause to believe he committed a crime for which imprisonment might be imposed.  *Id.* at 51-53.  The agency informed the appellant that the suspension would continue until "(1) completion of any criminal proceeding against [him] or a final determination of the investigation into [his] alleged wrongdoing and (2) completion of any subsequent administrative action taken against [him]."  *Id.* at 52.  The agency enclosed a copy of the materials upon which it relied in deciding to propose the appellant's indefinite suspension.  *Id.* at 51.  Those materials included the criminal complaint and warrant for the appellant's arrest, two affidavits in support of the arrest warrant, and an email from an Assistant United States Attorney indicating the appellant was being prosecuted for attempted threats which carried a maximum penalty of 180 days in jail and $1,000 in fines.  *Id.* at 51, 54-56, 59.  After the appellant responded to the notice of proposed indefinite suspension on July 12, 2016, the agency issued its decision on August 15, 2016, informing him that he would be suspended indefinitely, effective the close of business on August 12, 2016.  *Id.* at 17-30.

¶4    The appellant was acquitted of all criminal charges on November 21, 2016. IAF, Tab 16 at 22-37. On December 8, 2016, the agency proposed his removal for sleeping on duty, falsification of log sheets, and inappropriate comments based on comments with which he had been criminally charged. IAF, Tab 4 at 27-28, Tab 19. It provided the appellant with 25 days to respond to the proposed removal. IAF, Tab 19 at 4. Due to a request for an extension from the appellant's representative, the appellant did not provide his oral and written reply until February 2, 2017. IAF, Tab 16 at 73-78; Tab 18, Hearing Recording Audio 2 of 3 at 1:36:10-1:39:10 (testimony of the appellant). On May 4, 2017, the agency issued its decision removing the appellant from service. *Graham v. Department of the Navy*, MSPB Docket No. DC-0752-17-0577-I-1, Initial Appeal File (0577 IAF), Tab 3 at 19-33.

¶5    The appellant filed the instant appeal, in which he challenged his indefinite suspension of more than 14 days.[2] IAF, Tab 1 at 6-9. Specifically, he alleged that the agency lacked reasonable cause to believe he had committed a crime, the penalty of a suspension was excessive, and he had been subject to unlawful discrimination and reprisal for prior Equal Employment Opportunity (EEO) activity. IAF, Tab 1 at 8-9, Tab 17 at 2-3. The administrative judge conducted a hearing. IAF, Tab 18. In an initial decision, he found that the agency had reasonable cause to believe the appellant had committed a crime for which imprisonment may be imposed, the indefinite suspension had an ascertainable end, the agency had established nexus, and the indefinite suspension was a reasonable penalty. IAF, Tab 21, Initial Decision (ID) at 4-7. The administrative judge also found that the appellant did not prove that his indefinite suspension was based on race or age discrimination, or in retaliation for EEO activity. ID at 8-11. The administrative judge therefore affirmed the agency's indefinite suspension decision. ID at 11.

---

[2] The removal is the subject of a separate appeal currently pending before the Board on review. 0577 IAF, Tab 1 at 2, Tab 22, Initial Decision at 1, 8.

¶6     The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant argues that the administrative judge erred in finding the agency was justified in issuing the indefinite suspension as the ruling was based on the erroneous belief that the appellant was criminally charged with "Threatening to Injure and Kidnap a Person." *Id.* at 10. He disputes that the agency had reasonable cause to believe he committed a crime punishable by imprisonment. *Id.* at 7-8, 10. Finally, he reiterates his claim from below that the indefinite suspension should have ended when he was acquitted on all charges. *Id.* at 11-14. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the imposition of the indefinite suspension.</u>

¶7     To establish that an indefinite suspension is valid, the agency must show the following: (1) it imposed the suspension for an authorized reason; (2) the suspension has an ascertainable end, i.e., a determinable condition subsequent that will bring the suspension to a conclusion; (3) the suspension bears a nexus to the efficiency of the service; and (4) the penalty is reasonable. *Henderson v. Department of Veterans Affairs*, 123 M.S.P.R. 536, ¶ 5 (2016), *aff'd*, 878 F.3d 1044 (Fed. Cir. 2017). One of the authorized circumstances for imposing an indefinite suspension is when the agency has reasonable cause to believe an employee has committed a crime for which a sentence of imprisonment could be imposed. *Id.* Here, the parties do not challenge the administrative judge's findings as to the nexus or penalty, and we discern no basis to disturb them.

*The administrative judge made a proper reasonable cause determination.*

¶8     As noted above, an agency may indefinitely suspend an employee if it has reasonable cause to believe that he has committed a crime for which a sentence of imprisonment could be imposed. *Henderson*, 123 M.S.P.R. 536, ¶ 5. The

administrative judge determined that the appellant's arrest, followed by the criminal information, established reasonable cause. ID at 5. The appellant appears to dispute this finding, arguing on review that the arrest alone was insufficient. PFR File, Tab 1 at 8. His argument misconstrues the administrative judge's reasoning and is not persuasive.

¶9        The Board has held that "reasonable cause" in the context of an indefinite suspension based on possible criminal misconduct is virtually synonymous with "probable cause," which is necessary to support a grand jury indictment, i.e., probable cause to believe that a crime has been committed and that the accused has probably committed it. *Henderson*, 123 M.S.P.R. 536, ¶ 7. In *Dunnington v. Department of Justice*, 956 F.2d 1151 (Fed. Cir. 1992), the U.S. Court of Appeals for the Federal Circuit addressed the issue of what constitutes "reasonable cause" in the context of an indefinite suspension. The court stated that neither an arrest warrant alone, nor an actual arrest, is sufficient. *Dunnington*, 956 F.2d at 1157. On the other hand, "a formal judicial determination made following a preliminary hearing, or an indictment following an investigation and grand jury proceedings" is more than sufficient. *Id.* "[T]he best evidence of reasonable cause will be that determined by the agency after an appropriate investigation of the facts and circumstances of the alleged misconduct." *Id.* An arrest warrant combined with a criminal complaint supported by witness statements may support a determination of reasonable cause if the documents provide sufficient information from which the agency can "assure itself that the surrounding facts are sufficient to justify" indefinitely suspending the appellant without conducting its own investigation.[3] *Id.* at 1156-58.

---

[3] To the extent the appellant suggests that the agency's reasonable cause determination was "proven to be false" by his acquittal, we are not persuaded. PFR File, Tab 1 at 6. Because indefinite suspensions are taken for the purpose of allowing examination of misconduct, and not as a punishment for misconduct, the fact that the appellant was acquitted does not prove that the suspension itself was improper. *Novak v. Department*

¶10    In this case, the agency indefinitely suspended the appellant after it learned that he had been charged by criminal information with two counts of attempted threats and that the case had been assigned to an Assistant U.S. Attorney for prosecution.[4]  IAF, Tab 4 at 42, 50.  Under District of Columbia law, an offense of attempted threats is punishable by a fine and incarceration of up to 180 days.  D.C. Code §§ 22-407, 22-1803, 22-3571.01.  Because the maximum sentence is less than 1 year, an attempted threat may be prosecuted either by indictment or by criminal information.  *See* D.C. Code § 23-301.  The administrative judge was correct that, under the circumstances, the agency had reasonable cause to believe that the appellant had committed a crime for which a sentence of imprisonment might be imposed.  ID at 4-5.

¶11    This case is similar to *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶ 2 (2013), in which an agency indefinitely suspended an appellant after he had been charged with various misdemeanors under California law.  The appellant in *Hernandez* had not been indicted.  *Id.*, ¶ 13.  The Board observed that in California, where the appellant had been charged, only felony cases are presented to a grand jury for indictment.  *Id.*, ¶¶ 7, 13.  In misdemeanor prosecutions, the complaint was the only formal accusatory pleading filed with the court, and therefore, under California law, the misdemeanor complaint filed against the appellant was comparable to an indictment.  *Id.*, ¶ 13.  For the reasons explained above, the law of the District of Columbia is similar to the extent that a criminal offense carrying a sentence of less than 1 year can be prosecuted by criminal

---

*of the Treasury*, 11 M.S.P.B. 94, 458-59 (1982), *aff'd*, 723 F.2d 97 (Fed. Cir. 1983) (Table).

[4] The appellant argues that the administrative judge failed to state whether the "attempted threats" with which the appellant was charged constituted a misdemeanor, versus a felony, charge.  PFR File, Tab 1 at 10.  However, the administrative judge was not required to determine whether the crime was a misdemeanor or felony charge but, as the administrative judge correctly found, whether the agency had reasonable cause to believe that a crime was committed for which imprisonment may be imposed.  ID at 4-5.

information without a grand jury indictment. Therefore, the criminal information in this case is comparable to an indictment.

¶12     The remaining issue to be resolved, then, is if the agency had sufficient information before it at the time it proposed to suspend the appellant that provided reasonable cause to believe that the appellant had committed a crime for which he could be imprisoned. *Id.*, ¶ 16. The evidence presented to the agency at the time it imposed the appellant's indefinite suspension included the criminal complaint and warrant for the appellant's arrest, two affidavits in support of the arrest warrant, and an email from the Assistant U.S. Attorney indicating the appellant was being prosecuted for attempted threats which carried a maximum penalty of 180 days in jail and $1,000 in fines. IAF, Tab 4 at 51, 54-56, 59. One of the affidavits contained specific information regarding the appellant's alleged threats. IAF, Tab 4 at 55. For example, the affidavit indicated that the appellant told his coworker "on multiple occasions . . . that he was going to come in and kill all these motherfuckers," referring to his supervisor and others. *Id.* The affiant went on to state that the appellant had reportedly advised this same coworker that he had added him to "the list" of people the appellant was going to kill. *Id.* We find that these facts provided the agency with reasonable cause to believe that the appellant threatened "to injure . . . a person," a misdemeanor for which a term of imprisonment could be imposed.[5] *See Rampado v. U.S. Customs*

---

[5] On review, the appellant asserts that the administrative judge "repeatedly and mistakenly state[s] that [the appellant] had been issued an arrest warrant based on 'threatening to injure and kidnap a person.'" PFR File, Tab 1 at 10. A reading of the arrest warrant shows that it was issued for exactly that, "Threatening to Injure and Kidnap a person, in violation of 22 D.C. Code, Section 1810 (2001 ed.))" IAF, Tab 4 at 54. The relevant statute provides threatening "to kidnap any person or to injure the person" as alternative bases for the criminal offense. D.C. Code § 22-1810. The appellant is correct that the affidavits in support of the arrest warrant do not include kidnapping in the narrative description. IAF, Tab 4 at 54-55. It appears that the basis of his arrest was threatening to injure other agency employees. *Id.* at 55. The administrative judge did not make a finding that the appellant threatened to kidnap anyone. Instead, to the extent he mentioned kidnapping, he was merely reciting what was stated in the warrant. ID at 1-2, 4. Therefore, we discern no error.

*Service*, 28 M.S.P.R. 189, 190-191 & n.1 (1985) (finding that the appellant's admission to unauthorized disclosure of information, a crime for which imprisonment could be imposed, provided the agency with reasonable cause for his indefinite suspension).

> *The administrative judge correctly determined that the suspension had an ascertainable end.*

¶13      The administrative judge found that the indefinite suspension had an ascertainable end.  ID at 5-6.  We agree.  The appellant challenges this determination.  But his arguments concern the continuation of the indefinite suspension after he was acquitted, which is a separate matter that we will address below.  PFR File, Tab 1 at 11; *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1380-32 (Fed. Cir. 2007).

¶14      In determining whether the indefinite suspension was proper, we look at the facts known by the agency at the time it was imposed.  *See Rhodes*, 487 F.3d at 1380 ("An inquiry into the propriety of an agency's imposition of an indefinite suspension looks only to facts relating to events prior to suspension that are proffered to support such an imposition.").  To be valid, an indefinite suspension must have an ascertainable end, that is, a determinable condition subsequent that will bring the suspension to a conclusion.  *Arrieta v. Department of Homeland Security*, 108 M.S.P.R. 372, ¶ 8 (2008).  An indefinite suspension may extend through the completion of both a pending investigation and any subsequent administrative action, provided the agency notifies the appellant of this possibility.  *Engdahl v. Department of the Navy*, 900 F.2d 1572, 1578 (Fed. Cir. 1990); *Camaj v. Department of Homeland Security*, 119 M.S.P.R. 95, ¶ 11 (2012); *Arrieta*, 108 M.S.P.R. 372, ¶ 8; 5 C.F.R. § 752.402.  Here, the appellant's indefinite suspension had an ascertainable end because the agency stated in the suspension proposal and decision notices that the suspension would end following the disposition of the criminal charges against the appellant and the completion of

any administrative action. IAF, Tab 4 at 17, 52. Therefore, we decline to disturb the administrative judge's determination to affirm the indefinite suspension.

### The appeal must be remanded to determine if the agency impermissibly continued the suspension after the appellant responded to his proposed removal.

¶15    The appellant argued below, and reargues on review, that the agency improperly continued his indefinite suspension beyond the date of his acquittal. IAF, Tab 16 at 14-15; PFR File, Tab 1 at 11-14. The administrative judge analyzed this argument as a challenge to whether the indefinite suspension had an ascertainable end. ID at 5-6. When a suspension continues after the condition subsequent that would terminate it, the continuation of the suspension is a reviewable agency action separate from the imposition of the suspension itself. *Sikes v. Department of the Navy*, 2022 MSPB 12, ¶ 7 (citing *Rhodes*, 487 F.3d at 1381 (recognizing that "the agency's failure to terminate an indefinite suspension after a condition subsequent is a separately reviewable agency action")). Here, the administrative judge erred in considering the indefinite suspension and its continuation as one action.

¶16    In analyzing the question as to whether the suspension had an ascertainable end, the administrative judge concluded that it did. ID at 5-6. He reasoned that the delay of 3 weeks between the appellant's November 21, 2016 acquittal and his December 8, 2016 proposed removal was reasonable. ID at 5-6. The appellant does not directly challenge this finding. Nonetheless, for the reasons set forth below, we find that the time it took the agency to issue the removal decision itself should have been part of the calculus in deciding if the agency's delay was reasonable. We remand for further proceedings to resolve this issue.

¶17    Whether the continuation of an indefinite suspension is proper depends on events occurring after the agency imposed the suspension. *Rhodes*, 487 F.3d at 1380-81. An agency must act within a reasonable amount of time to end the suspension once the identified condition subsequent is satisfied. *Id.*; *Sikes*, 2022 MSPB 12, ¶ 8. When, as here, the suspension is conditioned on the

resolution of criminal charges and any subsequent agency action, the agency must implement its subsequent action within a reasonable time after criminal proceedings are concluded. *Camaj*, 119 M.S.P.R. 95, ¶ 11. In determining the reasonableness of any delay, the Board has traditionally looked at the amount of time it took the agency to propose an adverse action. *Id.*, ¶ 12 (concluding that a delay of nearly 3 months between the resolution of the criminal charges against an appellant and his proposed removal was unreasonable); *Jarvis v. Department of Justice*, 45 M.S.P.R. 104, 107, 111-12 (1990) (finding that a period of 2 1/2 months between the dismissal of an indictment against an appellant and his proposed suspension was unreasonable). Given this case law, it is not surprising that the administrative judge examined the period between the appellant's acquittal and his proposed removal. ID at 5-6.

¶18        Here, although the agency acted relatively quickly to propose the appellant's removal on December 8, 2016, it did not issue its removal decision until May 4, 2017, five months later. While Board cases appear to look at this issue more narrowly, as discussed above, an indefinite suspension may only continue through the "*completion* of any subsequent administrative action." 5 C.F.R. § 752.402 (emphasis added). "The cornerstone of the [Civil Service Reform Act of 1978's] protections is the aggrieved employee's right to seek review of adverse agency action in the . . . Board." *LeBlanc v. United States*, 50 F.3d 1025, 1029 (Fed Cir. 1995). That right is triggered by the agency's decision on its proposed action, not the proposal. 5 U.S.C. § 7513(d); *Emerald v. U.S. Postal Service*, 49 M.S.P.R. 586, 587-88 & n.1 (1991). Therefore, to determine if an indefinite suspension continued for an unreasonable time, the relevant ending date is the one on which the agency issues its decision on any proposed action arising out of the same conduct that led to the criminal charges. *See Engdahl*, 900 F.2d at 1578-79 (finding that an agency did not unreasonably delay the appellant's "actual removal" following resolution of the criminal charges against him). Permitting the agency to take an unlimited

amount of time to make a decision on a proposed adverse action while keeping the appellant on an indefinite suspension would run contrary to the requirement that an indefinite suspension have an ascertainable end. *See Arrieta*, 108 M.S.P.R. 372, ¶ 8.

¶19 Based on the decision letter indefinitely suspending the appellant, the condition subsequent triggering the cessation of the appellant's suspension was the "(1) completion of any criminal proceedings . . . and (2) *completion* of any subsequent administrative action taken against [the appellant]." IAF, Tab 4 at 17, 52 (emphasis added). As discussed above, the agency timely proposed the appellant's removal on December 8, 2016, based in part on the conduct underlying the criminal charges. IAF, Tab 19. Due to a request for extension from the appellant's representative, the appellant provided an oral and written reply on February 2, 2017. IAF, Tab 16 at 73-78; Tab 18, Hearing Recording Audio 2 of 3 at 1:36:10-1:39:10 (testimony of the appellant). This portion of the delay in the agency's removal decision appears to be the fault of the appellant's representative.

¶20 If this were the entirety of the delay, the appellant would be unable to prevail on a claim that the agency improperly continued his indefinite suspension. *See Engdahl*, 900 F.2d at 1578-79 (declining to find that the continuation of an appellant's indefinite suspension was improper when the delay was due to his attorney's requests for extensions to reply to the appellant's proposed removal). However, there is no explanation in the record for the 3-month delay between the appellant's reply and the agency's May 4, 2017 removal decision. 0577 IAF, Tab 3 at 19-33. In fact, the deciding official signed and dated his *Douglas* factor checklist on March 28, 2017, thus indicating that he had already considered the appellant's penalty on or before that date. *Id.* at 25, 33; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to penalty determinations). It does not appear from the record that there were any unusual

circumstances that would explain why it took the agency until May 4, 2017, to issue its removal decision.

¶21 Neither the parties nor the administrative judge addressed this 3-month delay, and the record is not developed on this issue. Therefore, we cannot resolve this issue on the current record. Thus, we must remand the case to the regional office for further development of the record and adjudication of this issue. *See Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 13 (2016) (remanding an appeal for the administrative judge to hold the appellant's requested hearing and develop the record). Even if the record were fully developed, remand would be necessary here. The administrative judge who oversaw the proceedings below and issued the initial decision is no longer employed by the Board. When there is conflicting testimony on a material issue, and a new administrative judge will decide the case, the testimony should be heard again to permit him to make credibility determinations based on witness demeanor. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24. On remand, the administrative judge may incorporate into the remand initial decision the findings from the initial decision, as modified by this Remand Order above, affirming the appellant's indefinite suspension. *Id.*, ¶ 9. If the administrative judge finds that the agency failed to issue its removal decision within a reasonable time, the administrative judge should order the agency to reinstate the appellant to the date of the resolution of criminal charges. *Camaj*, 119 M.S.P.R. 95, ¶ 11.

¶22 Finally, we briefly dispose of the appellant's remaining arguments on review. He argues that the continuation of his indefinite suspension was not justified because the agency failed to charge him with the same "offense" as the one set forth in the criminal charges. PFR File, Tab 1 at 13. Generally, once the underlying criminal case against an appellant is resolved, an agency must immediately terminate the indefinite suspension unless it contemplates effecting further disciplinary action within the foreseeable future. *Welch v. Department of*

*Justice*, [106 M.S.P.R. 107](#), ¶¶ 3, 5 (2007). To the extent the appellant suggests that the conduct underlying his arrest is not the same as that which led to his indefinite suspension and removal, we are not persuaded. The "inappropriate comments" charge consists of the underlying misconduct for which the appellant was criminally charged. *Compare* IAF, Tab 19 at 2, *with* IAF, Tab 4 at 27-28, 51, 55. Furthermore, the fact that the appellant was ultimately acquitted does not prevent the agency from proposing his removal based on the same misconduct underlying the charge. *See Pflanz v. Department of Transportation*, 21 M.S.P.R. 71, 73 (1984), *aff'd*, 776 F.2d 1058 (Fed. Cir. 1985) (Table). The appellant's acquittal on criminal charges is not relevant in the administrative proceedings when the agency action is based upon the misconduct which led to the criminal charge not on the fact of arrest or indictment, which is the case here. *Id.*

¶23 For the reasons discussed above, we remand this case to the regional office for further adjudication of the appellant's claim that the agency improperly continued his indefinite suspension beyond February 2, 2017, in accordance with this Remand Order. The new administrative judge may incorporate into the remand initial decision the findings, discussed above, that the agency properly imposed the indefinite suspension in the first place.

## ORDER

¶24 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.