**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 12**

Docket No. SF-0752-16-0813-I-1

**Bradley S. Sikes,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

May 23, 2022

Jeff Letts, Ewing, New Jersey, for the appellant.

Wendy Kelly, Bremerton, Washington, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal alleging that the agency had improperly continued his indefinite suspension after the restoration of his access to classified information. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2 The appellant serves as an Electrician at the agency's Puget Sound Naval Shipyard, a sensitive position that requires him to maintain a security clearance and access to classified information. Initial Appeal File (IAF), Tab 6 at 25. On

April 13, 2015, the agency suspended the appellant's access to classified information and proposed his indefinite suspension on that basis. *Id.* at 25-27. The appellant did not respond to the proposed indefinite suspension. *Id.* at 21. On April 29, 2015, the agency issued a decision indefinitely suspending the appellant, effective on June 18, 2015.[1] *Id.* at 21-24. The agency's decision informed the appellant that the suspension would continue until his security clearance status was resolved, or until there was sufficient evidence to either return him to duty or take other administrative or disciplinary action against him during the term of the suspension. *Id.* at 22. The decision specifically informed the appellant that if the Department of Defense Consolidated Adjudication Facility (DOD CAF) did not revoke his security clearance and restored his access to classified information, he would be returned to a duty status. *Id.* at 21. Although he was informed of his Board appeal rights, the appellant did not appeal the imposition of the indefinite suspension. *See id.* at 22.

¶3      On August 16, 2016, DOD CAF issued a favorable security determination rendering the appellant eligible for a Secret security clearance and assignment to a sensitive position. *Id.* at 18. On the same date, the agency was notified of the favorable adjudication and determined that the appellant was eligible to return to work. *Id.* at 19. On August 29, 2016, the appellant returned to duty. *Id.* at 17.

¶4      On September 22, 2016, the appellant filed an initial appeal to the Board. IAF, Tab 1. The administrative judged issued an order notifying the appellant of the requirements to prove Board jurisdiction over his appeal and ordering him to

---

[1] The agency's decision notified the appellant that administrative leave would end on May 13, 2015; at his request, he would be carried in an annual leave status from May 14 to June 17, 2015; and his indefinite suspension would be effective on June 18, 2015. IAF, Tab 6 at 21. Although the appellant did not appeal the agency's decision, it is not clear whether his use of annual leave was a voluntary action or effectively part of the involuntary suspension. *See Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (finding that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction).

file evidence and argument establishing jurisdiction within 15 days of the date of the order. IAF, Tab 2 at 2-3. After receiving evidence and argument from both parties, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). The administrative judge found that the condition subsequent necessary to end the appellant's indefinite suspension, restoration of his access to classified information, occurred on August 16, 2016, and that the agency ended the indefinite suspension on that date. ID at 2-3. He also found that on the same date, the agency contacted the appellant to advise him that he could return to work, but he asked to return to duty on August 29, 2016, instead, to complete a training program he had begun. ID at 3. The administrative judge further found that on August 29, 2016, the appellant returned to work, and the agency issued a Standard Form 50 (SF-50) ending the indefinite suspension on that date; after the appellant filed his Board appeal, the agency retroactively returned the appellant to duty on August 16, 2016, and carried him in a leave without pay (LWOP) status from August 16 to 29, 2016. IAF, Tab 6 at 15-17; ID at 3 & n.1. The administrative judge concluded that, even if the appellant was constructively suspended from August 16 to 29, 2016, the period totaled at most 13 days, and thus the Board lacked jurisdiction over the suspension. ID at 3-4.

¶5      The appellant has timely filed a petition for review in which he argues that the administrative judge erred in requiring the length of the improper continuation of the indefinite suspension to be 15 days or more for the Board to have jurisdiction over his suspension, contrary to the holding of *White v. U.S. Postal Service*, 58 M.S.P.R. 22 (1993), and that he has established that the Board has jurisdiction over the suspension. Petition for Review (PFR) File, Tab 1 at 3-4. The agency has responded to the petition for review, and the appellant has replied to the response. PFR File, Tabs 3-4.

ANALYSIS

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A suspension of more than 14 days is within the Board's jurisdiction, 5 U.S.C. §§ 7512(2), 7513(d), but a suspension of 14 days or fewer is not an appealable action, *Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010). The Board's jurisdiction is determined by the nature of an agency's action against an appellant at the time his appeal is filed. *Id.*, ¶ 10. An agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or the agency completely rescinds the action. *Id.* Here, the record reflects that the agency initially issued one SF-50 initiating the indefinite suspension on June 18, 2015, and one SF-50 returning the appellant to duty on August 29, 2016. IAF, Tab 6 at 12, 17, 20. It was only after the appellant filed his September 22, 2016 Board appeal that the agency took steps on October 6, 2016, to retroactively place him in an LWOP status from August 16 to 29, 2016. *Id.* at 12-13, 15-16. There is no evidence that the appellant consented to the agency's unilateral modification of the indefinite suspension. Accordingly, we find that, when the appellant filed his appeal, the agency had continued the indefinite suspension until August 29, 2016. *See Lefavor*, 115 M.S.P.R. 120, ¶¶ 9-10 (finding that, as of the date the appellant filed his appeal, the agency had *inadvertently* imposed an appealable 15-day suspension, and the agency's correction of the error after the appellant filed his appeal did not divest the Board of jurisdiction).

We further find that the Board has jurisdiction over the agency's continuation of the indefinite suspension. By regulation, an indefinite suspension ends with the occurrence of the pending conditions set forth in the notice of action. 5 C.F.R. § 752.402. The parties do not dispute that the condition subsequent that should have ended the indefinite suspension occurred when the

appellant's access to classified information was restored on August 16, 2016. PFR File, Tab 1 at 5, Tab 3 at 5, 10.  When a suspension continues after the condition subsequent that would terminate it, the continuation of the suspension is a reviewable agency action separate from the imposition of the suspension itself.  *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1381 (Fed. Cir. 2007).  Both the imposition of an indefinite suspension—and the continuation of that suspension after the condition subsequent—concern the same personnel action; thus, the appeal of the continuation of a suspension relates to the entire suspension for jurisdictional purposes.  *White*, 58 M.S.P.R. at 25-26; *see also Rhodes*, 487 F.3d at 1382 (recognizing that the Board treats an agency's failure to end an indefinite suspension as a separately reviewable action from the imposition of the indefinite suspension, although both matters involve the same personnel action).  As such, the length of the entire indefinite suspension is considered in determining if the Board has jurisdiction over the continuation of an indefinite suspension, regardless of whether the subject matter of an appeal concerning the continuation of an indefinite suspension is a suspension of 14 days or fewer.  *White*, 58 M.S.P.R. at 25-26.  Here, although the appeal concerned the improper continuation of the indefinite suspension for no more than 13 days, the entire indefinite suspension lasted over 14 days and is within the Board's jurisdiction.[2]  IAF, Tab 6 at 17, 20.

---

[2] The record is not clear as to whether the appellant's initial appeal was timely filed, as his access to classified information was restored on August 16, 2016, and he filed his appeal on September 22, 2016, 37 days later.  IAF, Tab 1, Tab 6 at 18.  There is no evidence that the appellant was notified of his right to appeal a continuation of his indefinite suspension to the Board.  *See Shiflett v. U.S. Postal Service*, 839 F.2d 669, 674 (Fed. Cir. 1988) (holding that the agency's failure to give notice to the appellant of his appeal rights may constitute good cause for his untimely filing of a Board appeal).  Neither the appellant nor the administrative judge addressed whether the appeal was timely, but given the lack of notice and the circumstances of this case, we would find that, if the appeal were untimely, good cause would exist for the delay in filing the appeal.

¶8      The Board's role in an appeal alleging an improper continuation of an indefinite suspension is to ascertain whether the condition subsequent identified by the agency has occurred and whether the agency acted within a reasonable amount of time to terminate the suspension following the satisfaction of the condition subsequent.  *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 9 n.2 (2011).  Here, there is no dispute that the identified condition subsequent, the restoration of the appellant's access to classified information, occurred.  PFR File, Tab 1 at 5, Tab 3 at 5, 10.  The issue is whether the agency acted within a reasonable amount of time to end the suspension once the appellant's access to classified information was restored.

¶9      As set forth above, on August 16, 2016, the same day that DOD CAF issued a favorable security determination for the appellant, the agency contacted the appellant to advise him that he could return to work.  The existing record reflects that the appellant asked instead to return to duty on August 29, 2016, to complete a training period he had begun.  The record does not appear to indicate the nature of the training and whether it was work-related.  The agency ultimately retroactively returned the appellant to duty on August 16, 2016, but carried him in an LWOP status through August 29, 2016.

¶10      Here, whether the agency acted within a reasonable amount of time to end the suspension once the appellant's access to classified information was restored may be affected by, among other things, whether the training the appellant requested to complete was work-related, and whether the agency was obligated to place him in a paid duty status during that training.  *Cf. Boudousquie v. Department of the Air Force*, 102 M.S.P.R. 397, ¶ 10 (2006) (holding that an agency's misleading statements that the appellant must request LWOP may support a finding of a constructive suspension).  Thus, the appellant's apparent request to continue training before his return, and the agency's placement of him on LWOP in response, may implicate whether the agency acted within a

reasonable amount of time to end the suspension once the appellant's access to classified information was restored.

¶11    The appellant did not have an opportunity to respond to the declarations regarding training that the agency submitted on the day the record closed. *See Schucker v. Federal Deposit Insurance Corporation*, 401 F.3d 1347, 1355-56 (Fed. Cir. 2005) (noting the Board's longstanding policy of affording the parties an opportunity to submit rebuttal evidence); *White v. Department of the Army*, 46 M.S.P.R. 63, 66-67 (1990) (closing of the record must comport with the basic requirements of fairness and notice, including an opportunity to respond to submissions of the parties); *see also* 5 C.F.R. § 1201.59(c)(2).

## ORDER

¶12    Under these circumstances, we vacate the initial decision and remand this appeal to the regional office for further adjudication consistent with this Opinion and Order.  After affording the parties an opportunity to submit evidence and argument, the administrative judge shall determine whether the agency acted within a reasonable amount of time to end the suspension once the appellant's access to classified information was restored.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.