**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


MATTHEW C. LITTON,
              Appellant,

      v.

DEPARTMENT OF JUSTICE,
              Agency.

DOCKET NUMBER
DC-0752-23-0016-I-1

DATE: September 30, 2024


# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Christine Kumar</u>, Esquire, and <u>Kristin Alden</u>, Esquire, Washington, D.C.,
    for the appellant.

<u>Drew Ambrose</u>, <u>Monica Hansen</u>, <u>Chad Y. Tang</u>, Esquire, and
    <u>Marisa C. Ridi</u>, Esquire, Washington, D.C., for the agency.


**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member


**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his indefinite suspension appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      On January 23, 2014, the appellant, a preference-eligible Special Agent with the agency's Federal Bureau of Investigation (FBI), filed a Board appeal challenging two indefinite suspensions. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0353-I-1, Initial Appeal File (0353 IAF), Tab 1 at 5. On February 12, 2014, the agency advised the appellant that it was suspending his Top Secret security clearance. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-0791-I-1, Initial Appeal File (0791 IAF), Tab 11 at 27. On February 27, 2014, the agency proposed the appellant's indefinite suspension based on his failure "to meet an essential condition of employment," namely, maintaining his Top Secret security clearance and access to classified information. *Id*. at 29-30. The letter stated that the reason for the suspension of his security clearance was failure to disclose certain information to the agency and lack of candor. *Id*. at 29. The letter also informed the appellant that this suspension would be in effect "pending the final resolution of all security actions including investigation, adjudication, and any related appeals regarding [his] eligibility for access to classified information, and/or a determination of whether or not further administrative action is warranted." *Id*. at 9.

¶3      On June 13, 2014, the appellant filed a second appeal challenging the third indefinite suspension, which became effective April 17, 2014. 0791 IAF, Tab 1 at 8, 9-10. The administrative judge joined the first and second indefinite suspension appeals. 0353 IAF, Tab 28; 0791 IAF, Tabs 9, 12. As relevant here, after the appellant withdrew his request for a hearing, the administrative judge sustained the April 17, 2014 indefinite suspension. 0353 IAF, Tab 56 at 4; *Litton v. Department of Justice*, MSPB Docket Nos. DC-0752-14-0791-I-1, DC-0752-14-0353-I-1, Initial Decision at 8, 22, 28 (Aug. 11, 2016). The Board then

affirmed the initial decision as modified by the final decision. *Litton v. Department of Justice*, MSPB Docket Nos. DC-0752-14-0791-I-1, DC-0752-14-0353-I-1, Final Order ¶¶ 1, 31 (Oct. 11, 2022).

¶4    In the meantime, on September 22, 2014, the appellant filed a Board appeal, challenging his removal from the agency, effective September 10, 2014, based on his alleged lack of candor and misleading statements. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-1, Initial Appeal File (1110 IAF), Tab 1 at 3. On September 22, 2017, the administrative judge issued an initial decision reversing the removal and ordering the agency to provide the appellant with interim relief. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-2, Appeal File, Initial Decision, Tab 72 at 2, 27, 29. On January 16, 2018, the agency revoked the appellant's security clearance. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-2, Petition for Review File, Tab 28 at 8-11. On November 19, 2018, the agency denied his request for reconsideration of his security clearance revocation. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-C-1, Compliance File, Tab 4 at 683-86. On October 13, 2022, the Board affirmed the initial decision and ordered the agency to retroactively reinstate the appellant, effective September 10, 2014, and pay the appellant the "correct amount of back pay, interest on back pay and other benefits under the Office of Personnel Management's regulations." *Litton v. Department of Justice*, MSPB Docket No. DC-0752-14-1110-I-2, Final Order, ¶¶ 1, 29-30 (Oct. 13, 2022).

¶5    In the Board's Final Order in the appellant's removal appeal, the Board forwarded to the regional office the appellant's claim that he was constructively indefinitely suspended beginning on September 22, 2017, when he was not returned to duty. *Litton*, MSPB Docket No. DC-0752-14-1110-I-2, Final Order ¶¶ 1, 8. The regional office docketed the instant appeal. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-23-0016-I-1, Initial Appeal File (0016 IAF), Tab 4.

¶6      The assigned administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not make a nonfrivolous allegation of jurisdiction entitling him to the jurisdictional hearing he requested. 0016 IAF, Tab 2 at 2, Tab 13, Initial Decision (0016 ID) at 1, 9-10. She observed that an administrative judge had sustained the appellant's April 17, 2014 indefinite suspension in a prior appeal, and the Board had affirmed that initial decision. 0016 ID at 7 n. 3. She held that the condition subsequent for ending that suspension, i.e., the final resolution of the appellant's security clearance "and/or" a determination on whether further administrative action was warranted, had not yet taken place. 0016 ID at 8. Thus, she concluded that the April 17, 2014 suspension was still in place upon the appellant's reinstatement to employment on September 22, 2017, and therefore, the agency did not subject him to a new indefinite suspension when it implemented the interim relief order by returning the appellant to nonpay status upon his reinstatement. 0016 ID at 8-9.

¶7      The appellant has filed a petition for review. *Litton v. Department of Justice*, MSPB Docket No. DC-0752-23-0016-I-1, Petition for Review (0016 PFR) File, Tabs 1, 8. The agency has opposed the appellant's petition, and the appellant has filed a reply. 0016 PFR File, Tabs 12, 13.[2]

---

[2] The appellant filed a single petition for review challenging the initial decision here, the compliance initial decision in MSPB Docket No. DC-0752-14-0353-C-1, and the compliance initial decision in MSPB Docket No. DC-0752-14-1110-C-1; wherein, he moved to join all three cases. 0016 PFR File, Tab 5; 0353 CPFR File, Tabs 1, 4; 1110 CPFR File, Tabs 1, 4. We addressed this joinder motion in our decision in *Litton v. Department of Justice*, MSPB Docket Nos. DC-0752-14-0353-C-1, DC-0752-14-1110-C-1, Order (Sept. 30, 2024), granting his request as to MSPB Docket Nos. DC-0752-14-0353-C-1 and DC-0752-14-1110-C-1, and issuing a single decision for those appeals, and denying it as to the instant matter, which we are remanding to the regional office for further adjudication in this separately issued decision. We decline to revisit that determination here.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We reverse the administrative judge's finding that the appellant did not make a nonfrivolous allegation of jurisdiction over his claim that he was indefinitely suspended.</u>

¶8      On review, the appellant reargues that, following the September 22, 2017 initial decision reversing his removal, the agency subjected him to a new indefinite suspension when it failed to return him to duty and instead placed him in a nonpay status.  0016 IAF, Tab 9 at 15; 0016 PFR File, Tab 8 at 38-43.  He challenges the administrative judge's finding that this action was not a new indefinite suspension but rather a continuation of the valid April 17, 2014 indefinite suspension in effect at the time of his removal.  0016 ID at 8-9; 0016 PFR File, Tab 8 at 38-43.  He asserts that the condition subsequent required to end his April 17, 2014 indefinite suspension, i.e., the final resolution of his security clearance, was met at the latest when his security clearance was revoked. 0016 IAF, Tab 9 at 13-15; 0016 PFR File, Tab 8 at 41-43.  He argues that therefore, when the agency reinstated him in an indefinite suspension status, without providing him notice and an opportunity to respond, it violated his due process rights.  0016 IAF, Tab 9 at 15; 0016 PFR File, Tab 8 at 38-43.  For the following reasons, we find that the appellant has made a nonfrivolous allegation that the agency continued his indefinite suspension without due process following its removal decision.

¶9      When a suspension continues after the condition subsequent that would terminate it, the continuation of the suspension is a reviewable agency action separate from the imposition of the suspension itself.  *Sikes v. Department of the Navy*, 2022 MSPB 12, ¶ 7 (citing *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1381 (Fed. Cir. 2007) (recognizing that "the agency's failure to terminate an indefinite suspension after a condition subsequent is a separately reviewable agency action")).  The Board's role in an appeal alleging an impermissible continuation of an indefinite suspension is limited to reviewing

whether the condition subsequent identified by the agency has occurred and whether the agency acted within a reasonable amount of time to terminate the suspension following the satisfaction of the condition subsequent. *Freeze v. Department of the Navy*, 122 M.S.P.R. 179, ¶ 10 (2015). If an appellant alleges facts sufficient to support a prima facie allegation of jurisdiction, then the issue cannot be summarily determined without a hearing. *Jones v. U.S. Postal Service*, 55 M.S.P.R. 491, 492-94 (1992) (concluding that an appellant was entitled to a hearing on his claim that his employing agency failed to provide notice that he was to return to work following the imposition of an indefinite suspension, thereby extending his absence beyond 14 days).

¶10 Under an Office of Personnel Management (OPM) regulation, an indefinite suspension "ends with the occurrence of the pending conditions set forth in the notice of action." 5 C.F.R. § 752.402. In its April 17, 2014 letter of decision suspending the appellant from work, the agency stated that his suspension would be in effect until "final resolution of all security actions . . . and any related appeals . . . , and/or a determination of whether or not further administrative action is warranted. 0016 IAF, Tab 5 at 11. The use of the phrase "and/or" is ambiguous but generally connotes a disjunctive meaning. *See Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 87 (2018) (stating that "or" is "almost always disjunctive") (citation omitted); *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 10 n.2 (2011) (recognizing that the word "or" has both an inclusive sense and an exclusive sense) (citations omitted); 1A Norman Singer, Sutherland Statutes & Statutory Construction § 21:14 & n.20 (7th ed. 2023) (citations omitted) (stating that the use of the phrase "and/or" in legislation causes confusion). In other words, the language suggests, but does not clearly state, that the agency would end the appellant's indefinite suspension upon the final resolution to his challenge to the agency's suspension of his security clearance or its determination as to whether to take further "administrative action."

¶11 When an agency identifies alternative conditions that will end an indefinite suspension, the indefinite suspension terminates upon the occurrence of the first of those conditions. *See Campbell v. Defense Logistics Agency*, 31 M.S.P.R. 691, 693-94 (1986) (explaining that the agency properly waited to terminate an indefinite suspension until the first of several alternative subsequent conditions had been met), *aff'd*, 833 F.2d 1024 (Fed. Cir. 1987). For example, in cases in which the condition subsequent is framed as the resolution of the criminal charges "and/or" the resolution of discipline, the suspension remains valid until the indictment against the appellant is dismissed. *Jarvis v. Department of Justice*, 45 M.S.P.R. 104, 110 (1990). Once the indictment is dismissed, the indefinite suspension may be continued only for a reasonable time while the agency acts expeditiously to initiate an adverse action. *Id.* at 111.

¶12 A condition subsequent can include "the completion of any subsequent administrative action." 5 C.F.R. § 752.402. OPM does not define the meaning of "administrative action." However, the Board has interpreted the term to include disciplinary action. *E.g.*, *Welch v. Department of Justice*, 106 M.S.P.R. 107, ¶ 5 (2007) (finding an appellant should have been restored to his position after criminal charges against him were dismissed because the agency did not contemplate effecting any further disciplinary action in the foreseeable future). Although the agency did not remove the appellant based on the suspension of his security clearance, its removal was based on the same underlying incidents and charges that the agency cited to justify suspending the appellant's eligibility for a security clearance. 0791 IAF, Tab 11 at 29; 1110 IAF, Tab 10 at 4.

¶13 Based on the record before us, we conclude that the appellant has made a nonfrivolous allegation of jurisdiction. Specifically, if we take as true that the appellant's removal was an "administrative action" that satisfied one of two alternative conditions subsequent, the Board would have jurisdiction over the alleged continuation of the appellant's indefinite suspension. However, we cannot resolve the issue because the record is not fully developed as to whether

"and/or" in the April 2014 letter is conjunctive or disjunctive. The record also is not developed as to whether the term "administrative action" in the suspension decision means disciplinary action based on the underlying facts of the indefinite suspension or disciplinary action based on the appellant's anticipated loss of security clearance eligibility. Therefore, we remand this appeal for further development of these issues, including holding a jurisdictional hearing.

¶14    Relevant evidence might include, but is not limited to, evidence related to the deciding official's intent, information concerning applicable agency policy and how the agency has applied that policy in the past, and the agency's typical process in these types of situations. In light of our remand of this matter, we deny the agency's motion to submit an additional pleading to address the appellant's claim that the other alternative conditions subsequent, the "final resolution of all security actions . . . and any related appeals," was satisfied when he did not appeal the agency's November 2018 denial of his request for reconsideration of his security clearance revocation. 0016 PFR File, Tabs 15, 17. Similarly, we decline to address here the appellant's allegations that, for various reasons, his April 2014 indefinite suspension ended in September 2014, April 2016, or January 2018. 0016 PFR File, Tab 8 at 40-43. The parties may wish to submit evidence on these issues on remand, consistent with the orders of the administrative judge.

¶15    In the context of an indefinite suspension based on the suspension of a security clearance, the Board may review, as relevant here, whether the agency afforded the appellant minimum due process. *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016). An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). If the

administrative judge determines that the agency was required to end the appellant's indefinite suspension when it issued its removal decision, she must reverse the continuation of the appellant's suspension due to the lack of the constitutionally required notice. *Martin v. U.S. Postal Service*, 2022 MSPB 22, ¶ 8 (explaining that because such constructive suspensions are often implemented without notice, if an appellant establishes jurisdiction, the Board will reverse the agency's action on due process grounds without proceeding to the merits).

¶16    We have considered whether this claim is moot because the appellant cannot receive back pay under the Back Pay Act for periods when his security clearance is suspended or revoked, as we have addressed in connection with our decision in *Litton v. Department of Justice*, MSPB Docket Nos. DC-0752-14-0353-C-1, DC-0752-14-1110-C-1, Order, ¶ 11 (Sept. 30, 2024). However, when, as here, an appellant has an outstanding claim of compensatory damages based on discrimination, even an agency's complete rescission of the action appealed does not afford him all of the relief available before the Board, and the appeal is not moot. 0116 IAF, Tab 2 at 6-7; *see Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 3 n.1 (2017). Because the issue is not yet before us, we do not resolve here whether this case involves a set of facts that allows the Board to address the appellant's discrimination claim without interfering with the agency's security clearance determination. *Helms v. Department of the Army*, 114 M.S.P.R. 447, 451 n.* (2010).

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:  _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.