## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SUSAN KRAUS,

        Appellant,

      v.

DEPARTMENT OF COMMERCE,

        Agency.

DOCKET NUMBER
DE-3443-22-0238-I-1

DATE: February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Susan Kraus</u>, Fountain Hills, Arizona, pro se.

<u>Ryan Holguin</u>, Esquire, Suitland, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her alleged constructive suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that involuntary use of accrued leave may constitute an enforced leave suspension but that, in any event, the appellant did not serve an enforced leave suspension of more than 14 days, we AFFIRM the initial decision.

## BACKGROUND

The agency's Bureau of the Census employed the appellant as a Field Representative, beginning in April 2006. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 14-15. In May 2018, the agency changed her work schedule from intermittent to part time. IAF, Tab 21 at 20. The appellant had a minimum tour of duty of 2 hours of pay per biweekly pay period.[2] IAF, Tab 6 at 33, Tab 21 at 20.

The agency issued the appellant a notice that it was placing her on administrative leave until further notice, beginning on March 18, 2022, and again on June 28, 2022, for failure to abide by agency policy. IAF, Tab 6 at 22, 29. The basis for its decision was the appellant's refusal to undergo COVID-19 testing every 7 days, as required for individuals who were unvaccinated, such as

---

[2] The appellant has indicated that she no longer works for the agency. Petition for Review File, Tab 1 at 3.

the appellant. *Id.* The notices informed the appellant that, while she was on administrative leave, she would be in a "paid, non-duty, status" and that the actions were not disciplinary. *Id.*

In July 2022, the appellant filed the instant Board appeal challenging the agency's decision to place her on administrative leave. IAF, Tab 1. She asserted that, as a result of the agency's decision, she was constructively suspended for more than 14 days from March 18 to April 22, 2022, and again from June 28 to August 8, 2022. IAF, Tab 1 at 5, Tab 6 at 22, 29; Petition for Review (PFR) File, Tab 3 at 2. The administrative judge initially found that the appellant nonfrivolously alleged Board jurisdiction over her appeal as an alleged suspension exceeding 14 days. IAF, Tab 7 at 2. After the Board issued a nonprecedential decision with facts comparable to the instant appeal in *Conaway v. Department of Commerce*, MSPB Docket No. CH-0752-16-0165-I-1, Final Order (Sept. 22, 2022),[3] the administrative judge reopened the record on jurisdiction for the parties to address whether the appellant nonfrivolously alleged that she was suspended for more than 14 days when the agency placed her on administrative leave for a minimum of 2 hours per pay period. IAF, Tab 19 at 1-2, 7. Both parties responded. IAF, Tabs 21-22.

Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of Board jurisdiction. IAF, Tab 1 at 2, Tab 24, Initial Decision (ID) at 1. She found that the appellant failed to nonfrivolously allege that she was suspended because she was paid at least 2 hours per pay period, either as accrued or administrative leave, during the periods in question, which was the minimum tour of duty hours for her position. ID at 5-7. The

---

[3] In the initial decision, the administrative judge erroneously cited to *Conaway v. Department of Commerce*, MSPB Docket No. CH-0752-16-0166-I-2, Final Order (Sept. 22, 2022), which was issued on the same day but involved the appellant's removal appeal. ID at 3. However, it is clear the administrative judge was referring to the decision cited above because she provided a copy of that decision to the parties. IAF, Tab 19 at 4-8.

administrative judge also concluded that the appellant did not nonfrivolously allege that she was in an enforced leave status from March 14 through 16, 2022, because she used this leave on those dates before being placed on administrative leave on March 18, 2022, later in that same pay period. ID at 6. Lastly, the administrative judge found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's allegations of discrimination or reprisal. ID at 8.

The appellant has filed a petition for review of the initial decision, to which the agency has responded. PFR File, Tabs 3, 5. Following these submissions, the Clerk of the Board issued an order setting forth the standard for establishing jurisdiction over an enforced leave suspension and instructing the parties to provide evidence and argument regarding the appellant's schedule and leave usage during the relevant dates. PFR File, Tab 6 at 1-2. Both parties have responded. PFR File, Tabs 7-8. The agency argues that it paid the appellant for 2 hours per pay period, as guaranteed by her part-time schedule, as accrued leave, administrative leave, or work hours, or a combination of the three. PFR File, Tab 7 at 4-8. The appellant argues that, despite being paid the 2-hour per pay period minimum, there were two periods of longer than 14 days with no payroll entries, which constituted a suspension, and she used leave on certain dates because she was neither allowed to work nor placed in an administrative leave status.[4] PFR File, Tab 8 at 1-2.

---

[4] In her response to the Clerk's order, the appellant indicates that she is unable to "sign in to MSPB online" because she was not a "valid user." On June 30, 2024, the appellant attempted to access the Board's e-Appeal repository but was unable to do so because she used a different email address than her email address of record. The Board has updated her e-Appeal profile to include her new email address. Therefore, the access issue is now resolved.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant was not subject to an appealable suspension of more than 14 days.</u>

The administrative judge found that the appellant was not constructively suspended because she was paid for a minimum of 2 hours per biweekly pay period. ID at 5-7. On review, the appellant breaks her absences from work into periods of greater than 14 days, regardless of whether those periods coincide with pay periods. PFR File, Tab 3 at 1 at 1. We conclude that the administrative judge properly used the pay periods as a guide in deciding whether the appellant suffered an appealable constructive suspension of more than 14 days because of the nature of the appellant's schedule.

Under chapter 75, the Board has jurisdiction over a suspension of more than 14 days. 5 U.S.C. §§ 7512(2), 7513(d); *Sikes v. Department of the Navy*, 2022 MSPB 12, ¶ 6. Placement of an employee in a nonduty, nonpay status that is not in accordance with the conditions of her employment can constitute a suspension. *Drake v. Department of the Army*, 77 M.S.P.R. 424, 427 (1998). In its *Drake* decision, the Board remanded an intermittent employee's claim that he was placed in a nonduty, nonpay status for more than 14 days to determine, as relevant here, if he had been constructively suspended because he was guaranteed a minimum number of hours per week. *Id.* at 427-29. Here, the parties agree and have provided evidence that the appellant was a part-time employee without a regular schedule. PFR File, Tab 7 at 4-5, 12, Tab 8 at 1; IAF, Tab 21 at 20. However, the agency has indicated and provided records indicating that her tour of duty was 2 hours per pay period. IAF, Tab 6 at 33, Tab 21 at 20; *see Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (recognizing that, in determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, an administrative judge may consider an agency's documentary submissions to the extent that they do not contradict the appellant's nonfrivolous allegations).

Although the appellant has not alleged that she was guaranteed a minimum number of hours, for purposes of establishing jurisdiction, we interpret this schedule as sufficient to establish a nonfrivolous allegation that the appellant was guaranteed at least 2 hours of work per pay period. A pay period is 14 days. *E.g.*, IAF, Tab 6 at 32. Therefore, given her 2 hours per pay period minimum, to exceed 14 days and fall within the scope of the Board's jurisdiction, the appellant would need to establish that the agency prevented her from working 2 hours or more for two full pay periods in a row.

The appellant has alleged that she was denied work and not paid administrative leave at various times between March 15 and August 8, 2022. PFR File, Tab 3 at 2, 4-6, Tab 8 at 1; IAF, Tab 1 at 5. However, she only identifies two periods of over 14 days "with no daily payroll entries" as follows: a "20 day period" from March 15 to April 2, 2022, and a "17 day period" from April 6 to 21, 2022. PFR File, Tab 3 at 1; IAF, Tab 1 at 3, 5. The agency submitted timesheets showing that the appellant worked during the biweekly pay periods that coincide with these dates as follows: 15 minutes of work for the pay period between March 13 and 26, 2022, IAF, Tab 6 at 32, 10 hours and 30 minutes of work from March 27 to April 9, 2022, *id.* at 35, and 16 hours of work between April 10 and 23, 2022, *id.* at 38. The appellant has not contested the information in the timesheets. Because the appellant worked for 2 hours per pay period for two of these three consecutive pay periods, she was never in a nonpay, nonduty status for two pay periods or more. Accordingly, she has not identified an absence that violated the conditions of her employment for more than 14 days.

We modify the initial decision to clarify that involuntary use of accrued leave may constitute an enforced leave suspension.

The administrative judge found that it was not material to the jurisdictional question whether the appellant was paid for using her accrued leave, administrative leave, or work hours. ID at 5-7. As discussed above, the appellant argues that she was constructively suspended because she neither worked nor was

paid administrative leave for periods greater than 14 days and only received earnings because she used accrued leave. PFR File, Tab 3 at 1. We modify the initial decision to the extent that the administrative judge suggested that the use of accrued leave could never constitute a suspension.

A "suspension" is the temporary placement of an employee in a nonpay, nonduty status "for disciplinary reasons." 5 U.S.C. § 7501(2); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014). It includes not just unpaid disciplinary absences, but also other types of enforced leave imposed on an employee against her will. *Engler v. Department of the Army*, 121 M.S.P.R. 547, ¶ 6 (2014). For jurisdictional purposes, the only question is whether the employee's placement in a leave status was voluntary or involuntary; only the latter is appealable. *Abbott*, 121 M.S.P.R. 294, ¶ 6.

To the extent that the administrative judge concluded that the appellant's accrued leave usage could not be considered in determining whether she was suspended, we modify the initial decision to find otherwise. In any event, the appellant has failed to nonfrivolously allege that she was in a nonpay, nonduty status for more than 14 days for the reasons stated above.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.