**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER DIONNE,
           Appellant,

      v.

DEPARTMENT OF THE NAVY,
           Agency.

DOCKET NUMBER
AT-3443-25-0085-I-1

DATE: February 5, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Dionne</u>, Millington, Tennessee, pro se.

<u>Marcus S. Lawrence, Jr.</u>, Esquire, Pensacola, Florida, for the agency.

<u>Tracey Rockenbach</u>, Esquire, Washington, DC, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal from an indefinite suspension for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons set forth below, we MODIFY the initial decision to dismiss the appeal as untimely filed without good cause shown.

## BACKGROUND

The appellant is employed by the agency as a GS-12 Operations Research Analyst. Initial Appeal File (IAF), Tab 1 at 1. He previously filed several Board appeals, including an appeal challenging a November 9, 2019 indefinite suspension. *Dionne v. Department of the Navy*, MSPB Docket No. AT-0752-20-0151-I-1 (Appeal File), (0151 AF), Tab 1 at 4-5, Tab 5 at 21-22, 36-37. The suspension was based on an October 8, 2019 decision by the agency's Navy Recruiting Command (NRC) to suspend his access to classified information. 0151 AF, Tab 5 at 36-37, 39-40. An administrative judge dismissed that appeal as withdrawn at the appellant's request. 0151 AF, Tab 16, Tab 17, Initial Decision (Mar. 9, 2020). The appellant filed a petition for review, which the Board dismissed as untimely filed without good cause. *Dionne v. Department of the Navy*, MSPB Docket Nos. AT-0752-20-0151-I-1 & AT-0752-20-0359-I-1, Final Order at 2, 5-6 (July 6, 2023) (0151 Final Order).

In October 2024, the appellant filed the instant appeal, in which he asserted that the agency "purposefully lied to the MSPB" in a prior unidentified Board appeal. IAF, Tab 1 at 2. He indicated that the "lie" pertained to an October 8,

2019 decision by the NRC to suspend his access to classified information, which he claimed was the purported basis for a 452-day indefinite suspension. *Id.*

The administrative judge issued an order to the appellant to show cause why his appeal should not be dismissed due to lack of jurisdiction or untimeliness. IAF, Tab 3. As relevant here, the administrative judge set forth the appellant's burden to show that his appeal was filed on time or that good cause existed for the delay. *Id.* at 4-7. In response to the order to show cause, the appellant argued that the Board has jurisdiction over, among other matters, his November 9, 2019 indefinite suspension and the underlying NRC access determination. IAF, Tab 4 at 4-7. He did not address the timeliness issue. The agency submitted a reply requesting that the appeal be dismissed on a number of bases, including as untimely filed. IAF, Tab 5 at 4-5.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1, 3. He found that the appellant had not nonfrivolously alleged that he was subjected to an adverse action that was appealable to the Board. ID at 3.

The appellant has filed a petition for review.[2] Petition for Review (PFR) File, Tab 1. The agency has responded to the petition. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board. 5 U.S.C. §§ 7512(2), 7513(d); *Palafox v. Department of the Navy*, 124 M.S.P.R. 54, ¶ 8 (2016). To the extent that the administrative

---

[2] The appellant requests a hearing for the first time on review. Petition for Review File, Tab 1 at 4. However, he did not request a hearing below. *Id.*; IAF, Tab 1 at 2. The appellant alleges that he was unaware of the need to request a hearing below, but the administrative judge specifically advised him of this obligation. IAF, Tab 2 at 2. Therefore, he waived his right to a hearing. *See Pernicano v. Office of Personnel Management*, 9 M.S.P.R. 530, 531 (1982) (concluding that an appellant who had not requested a hearing prior to filing his petition for review had waived his right to a hearing); 5 C.F.R. § 1201.24(e) (explaining that if an appellant does not make a timely request for a hearing, the right to a hearing is waived).

judge did not recognize that the appellant was alleging that he was subjected to such a suspension, we clarify that the appellant did so. ID at 2; PFR File, Tab 1 at 5; IAF, Tab 1 at 2. Further, in his prior appeal of this suspension, an administrative judge determined that the Board had jurisdiction over that action. 0151 AF, Tab 8. Therefore, we disagree with the administrative judge's jurisdictional finding in the instant appeal. For the following reasons, we modify the initial decision to dismiss the appeal as untimely filed without good cause shown.

When, as here, an appellant whose initial appeal was dismissed as withdrawn seeks to renew his appeal at the regional level, whether by requesting reopening or filing a second appeal, and the matter that the appellant seeks to appeal is within the Board's jurisdiction, the Board will treat the pleading below as a new appeal. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 12 (2010). Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency decision, whichever is later. 5 C.F.R. § 1201.22(b)(1).

The agency delivered its decision suspending the appellant on November 5, 2019, and the suspension was effective on November 9, 2019. 0151 AF, Tab 5 at 17, 19, 22. The decision letter advised the appellant of his Board appeal rights. *Id.* at 21-22. The later date of November 9, 2019, serves as the relevant date for calculating the 30 day deadline. Thus, the appellant had 30 days from that date, or until December 9, 2019, to file his appeal. He filed the instant appeal on October 28, 2024. IAF, Tab 1. Although the administrative judge advised the appellant that there was a question as to whether his appeal was timely filed, the appellant did not address the issue. IAF, Tab 3 at 4. We find that the appellant untimely filed the instant appeal by over 4 years and 10 months.

The Board will waive the time limit for filing an appeal only upon a showing of good cause for the delay in filing. *Schuringa v. Department of the Treasury*, 106 M.S.P.R. 1, ¶ 7 (2007). To establish good cause for the untimely

filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Id.*

The appellant's almost 5-year delay is not minimal. *See Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 7 (2009) (finding that a 3-year delay in filing a petition for review was not minimal). In any event, the Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, even when the delay is minimal and the filing party is pro se. *See Pace v. Office of Personnel Management*, 113 M.S.P.R. 681, ¶ 11 (2010) (so stating in the context of an untimely filed petition for review). Here, the appellant has provided no excuse for his late filing, despite having the opportunity to do so. Therefore, we find that he failed to demonstrate he exercised due diligence or ordinary produce under the circumstances which would excuse his late filing, and we dismiss the appeal as untimely filed.[3] *See*

---

[3] When an indefinite suspension continues after the occurrence of a condition subsequent that would otherwise require its termination, the continuation constitutes a separately reviewable agency action. *Sikes v. Department of the Navy*, 2022 MSPB 12, ¶ 7 (citing *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1380-82 (Fed. Cir. 2007) (explaining that "the agency's failure to terminate an indefinite suspension after a condition subsequent is a separately reviewable agency action")). Here, the appellant does not assert such a claim. Moreover, the record indicates that the condition subsequent was met on February 3, 2021, when his continued eligibility was verified by NRC and he was restored to pay status that same day. IAF, Tab 4 at 13-14. To the extent that the appellant intended to raise a claim based on the agency's failure to terminate the suspension, such a claim would be untimely by more than 3 years, as the instant appeal was not filed until October 28, 2024. IAF, Tab 1, Tab 4 at 13-14. As noted above, the appellant has not addressed the timeliness issue. Accordingly, any such claim also is barred as untimely filed without good cause.

*Pangelinan v. Department of Homeland Security*, 104 M.S.P.R. 108, ¶ 9 (2006) (dismissing a petition for review as untimely filed without good cause when an appellant provided no excuse for her late filing despite having two opportunities to do so).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.