## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KRISTA T. WALKER, | DOCKET NUMBER |
| Appellant, | DA-114M-24-0485-Y-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: March 26, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Krista T. Walker, McKinney, Texas, pro se.

Sandra Whittington, Esquire, Irving, Texas, for the agency.

Christine Joy Epres, Esquire, San Francisco, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The agency has filed a petition for review challenging the administrative judge's finding that it failed to provide the appellant sufficient notice of her proposed indefinite suspension. For the reasons discussed below, we GRANT the agency's petition for review. Except AS MODIFIED to REVERSE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's finding that the appellant was statutorily entitled to 30 days' advance written notice of the adverse action and her order that the agency provide back pay and benefits for the remainder of the 30-day notice period, we AFFIRM the initial decision. The agency's indefinite suspension is SUSTAINED. We FORWARD to the Dallas Regional Office for docketing as a new appeal the appellant's claim that the agency has improperly continued the indefinite suspension past the occurrence of the condition subsequent.

The appellant was appointed to the position of Transportation Security Officer (TSO) with the Transportation Security Administration (TSA) on October 15, 2017. Initial Appeal File (IAF), Tab 8 at 77. As a TSO, the appellant was assigned to perform security functions, such as screening baggage and passengers. *Id.* at 189. On June 26, 2024, the agency suspended the appellant's national security eligibility upon learning that the appellant had been arrested for threatening to shoot employees at the apartment complex where she lived if they entered her residence related to her eviction. IAF, Tab 2 at 7-8, Tab 8 at 59. On June 28, 2024, the agency issued the appellant a notice of her proposed indefinite suspension from her TSO position based on the suspension of her national security eligibility. IAF, Tab 8 at 55-59. The notice informed the appellant that, pursuant to TSA Management Directive (MD) 1100.75-3, she had a right to reply to the proposed action within 7 days of receipt of the notice. *Id.* at 56. The appellant provided an oral and written reply on July 3, 2024. *Id.* at 44-54. By letter dated July 9, 2024, the deciding official informed the appellant of his decision to indefinitely suspend her based on the sustained charge, effective July 10, 2024. *Id.* at 25-30. This appeal followed. IAF, Tab 1.

After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the indefinite suspension. IAF, Tab 37, Initial Decision (ID). Specifically, she found that the agency proved by preponderant evidence that the appellant's position required national security eligibility, that the appellant's eligibility was suspended, and that the indefinite suspension had

an ascertainable end and promotes the efficiency of the service. ID at 4-6. However, she found that the agency did not provide the appellant with 30 days' advance notice and time to respond to the proposed action, as required under 5 U.S.C. § 7513(b)(1).[2] ID at 13-14, 15. Accordingly, while she did not find that the agency committed harmful procedural error, she modified the indefinite suspension to commence on July 30, 2024, and ordered the agency to compensate the appellant for the full 30-day period, to include back pay, interest, and an adjustment of benefits.[3] ID at 16.

As noted, the agency has filed a petition for review arguing that the administrative judge erred in modifying the indefinite suspension, because it was not required to provide the appellant 30 days' advance notice pursuant to 5 U.S.C. § 7513(b)(1). Petition for Review (PFR) File, Tab 1. We agree.

Because the appellant is a TSA employee, this appeal is governed by the provisions of the Aviation and Transportation Security Act (ATSA). *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 5 n.2 (2014); *Winlock v. Department of Homeland Security*, 110 M.S.P.R. 521, ¶ 5 (2009), *aff'd*, 370 F. App'x 119 (Fed. Cir. 2010). Pursuant to ATSA, TSA employees are covered by the personnel management system that is applicable to employees of the Federal Aviation Administration (FAA) under 49 U.S.C. § 40122, except to the extent the Administrator of TSA modifies that system as it applies to TSA

---

[2] The administrative judge also found that the appellant failed to prove her affirmative defenses of equal employment opportunity reprisal and race and sex discrimination and did not establish that the indefinite suspension was in violation of law, violated the appellant's right to due process, or was a prohibited personnel practice under 5 U.S.C. § 2302(b)(9)(D). ID at 6-15. These findings are not at issue on petition for review, and having reviewed the record, we discern no basis to disturb them. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (same).

[3] The administrative judge did not order interim relief pursuant to 5 U.S.C. § 7701(b)(2)(A), as she found that it was not appropriate under the circumstances. ID at 17.

employees. *Buelna*, 121 M.S.P.R. 262, ¶ 5 n.2; *Winlock*, 110 M.S.P.R. 521, ¶ 5; *see* 49 U.S.C. § 114(n). Under 49 U.S.C. § 40122(g)(2), many Title 5 provisions, including chapter 75, do not apply to TSA employees. *See Buelna*, 121 M.S.P.R. 262, ¶ 5 n.2; *Winlock*, 110 M.S.P.R. 521, ¶ 5. Instead, the FAA's internal procedures are generally applicable, and the Administrator of TSA has modified those procedures by issuing MD 1100.75-3, which sets forth the agency's policies and procedures on the use of disciplinary and adverse actions to address employee performance and conduct. *Winlock*, 110 M.S.P.R. 521, ¶¶ 6-7. MD 1100.75-3 provides that the notice of a proposed adverse action "must include . . . [a] statement that the employee has the right to present an oral and/or written reply to the proposal within seven calendar days," and that the "time limit may be extended for good cause shown." IAF, Tab 8 at 177. Thus, the administrative judge erred in finding that the appellant was entitled under 5 U.S.C. § 7513(b)(1) to 30 days' advance notice of her proposed indefinite suspension and compensation for the full 30-day period. ID at 13-14; IAF, Tab 8 at 56. Accordingly, we reverse that finding and the modification to the appellant's indefinite suspension.

Although the appellant did not respond to the agency's January 26, 2025 petition for review, on August 22, 2025, and September 9, 2025, she filed pleadings in which she argues that the agency has failed to reinstate her even though the criminal charges against her have now been dismissed.[4] PFR File, Tabs 5-6. By regulation, an indefinite suspension ends with the occurrence of the

---

[4] The parties had until January 27, 2025, to file a petition for review. ID at 17. On February 4, 2025, the Office of the Clerk of the Board issued an acknowledgment order setting February 20, 2025, as the appellant's deadline for filing a response to the agency's petition for review. PFR File, Tab 2 at 1. Although the appellant's September 9, 2025 pleading is titled "Petition for Review," she does not challenge the initial decision; rather, her arguments concern the continuation of the indefinite suspension. PFR File, Tab 6. For those reasons, and the timing of her submission, we are not treating it as a petition for review but rather forward the claim regarding the purported improper continuation of the indefinite suspension to the regional office for docketing as a new appeal.

subsequent condition set forth in the notice of indefinite suspension. *Sikes v. Department of the Navy*, 2022 MSPB 12, ¶ 7; 5 C.F.R. § 752.402. When a suspension continues after the condition subsequent that would have terminated it, the continuation of the suspension is a reviewable agency action separate from the imposition of the suspension itself, although both matters involve the same personnel action.[5] *Sikes*, 2022 MSPB 12, ¶ 7 (citing *Rhodes v. Merit Systems Protection Board*, 487 F.3d 1377, 1381 (Fed. Cir. 2007). Therefore, we forward these claims for docketing as a new appeal of a purported improper continuation of the appellant's indefinite suspension.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] The appellant has submitted email correspondence with the agency indicating that, at the time she requested to return to duty, her national security eligibility was still in a "Temporary Suspension" status. PFR File, Tab 7 at 5-9.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.